# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

Case No. 22-3449

SHERRY LEWIS and DAVID V. LEWIS,

Plaintiffs – Appellees,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Defendant – Appellant.

On Appeal from March 17, 2022 Order Granting Plaintiffs' Motion to
Certify Class and October 19, 2022 Order Denying Defendant's
Motion for Reconsideration by the Hon. Robert B. Kugler in the
United States District Court
for the District of New Jersey, Docket No. 1:18-cv-05111-RBK-MJS

## ANSWERING BRIEF OF PLAINTIFFS - APPELLEES

James E. Cecchi
jcecchi@carellabyrne.com
Caroline F. Bartlett
cbartlett@carellabyrne.com
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO,
P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone:  (973) 994-1700

Robert B. Carey
rob@hbsslaw.com
John DeStefano
johnd@hbsslaw.com
HAGENS BERMAN SOBOL
SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona  85003
Telephone:  (602) 840-5900
Facsimile:  (602) 840-3012

*Attorneys for Plaintiffs - Appellees*

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................1

II.   QUESTIONS PRESENTED .........................................................5

III.  STATEMENT OF FACTS AND STATEMENT THE CASE .......................7

    A.   GEICO's brief fails to disclose Plaintiffs' central theory of classwide liability regarding the condition deduction. ...........................................7

    B.   As an automobile insurer, GEICO must adopt a total loss valuation method that complies with the law and must not apply unsupported or arbitrary deductions that reduce claims payments. ...............................8

    C.   GEICO mechanically applies a condition deduction to the values of comparable vehicles that are the basis for the claim valuation and payment. ...........................................................................10

    D.   Plaintiffs developed classwide proof that GEICO's adjustments are unsupported ███████████████████████████████ ███████████████████████████████ ................11

    E.   Plaintiffs have developed proof common to the class that GEICO applies unlawful, unsupported condition adjustments on a systemic basis to undervalue and underpay claims.............................................15

    F.   Plaintiffs' classwide proof of GEICO's practices shows that the unlawful and unjustified deduction resulted in underpayments. ........16

    G.   GEICO's standard insurance policy requires payment of replacement costs such as sales tax, title transfer fees, and license plate transfer fees.....................................................................................18

    H.   By applying condition adjustments to the values of comparable vehicles, failing to pay sales tax, and failing to pay title and license plate fees, GEICO undervalued Plaintiffs' total loss claims in the same manner as the rest of the class.....................................................19

    I.   Course of proceedings. ..........................................................20

IV.  STANDARD OF REVIEW ..........................................................21

V.   SUMMARY OF ARGUMENT .....................................................21

VI.  ARGUMENT.............................................................................23

    A.   The district court properly found Plaintiffs and the class had standing because they were harmed by the unsupported deductions. ...............23

1. Plaintiffs have standing because they contend that GEICO reduced their claim payment with an invalid, impermissible deduction. ..................................................................................23

2. Plaintiffs have demonstrated that class members have standing because GEICO underpaid them in the same manner as Plaintiffs. ..................................................................................30

B. GEICO's theory that underpayments and misinformation do not harm its customers is an improper merits argument at the class certification stage and regardless, it can be resolved in common. ..........................32

1. The district court correctly ruled based on the classwide nature of Plaintiffs' evidence and not whether Plaintiffs' evidence would be accepted at trial. ........................................................32

2. The district court rightly concluded that individualized issues relating to claims settlement practices do not predominate where the improper deduction was shown to reduce payments for ████ of the class..................................................................37

3. GEICO's "offset" theory is not individualized and Plaintiffs dispute it on the merits. ...............................................................40

4. *Lara* is inapplicable because it did not address New Jersey law or Plaintiffs' theory that the condition deductions are unsupported by actual inspections. ...........................................43

C. Plaintiffs' classwide damages model is consistent with Plaintiffs' theory that the deduction unlawfully lowers claims payments. ..........45

D. Plaintiffs are typical and adequate and are not subject to "unique defenses." ............................................................................50

E. The class is ascertainable based on the classwide valuation reports, GEICO's claims data, GEICO's testimony as to its practices, and the sample claim files. ..............................................................53

VII. CONCLUSION..............................................................................57

ii

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*,
  568 U.S. 455 (2013)................................................................*passim*

*Baby Neal for and by Kanter v. Casey*,
  43 F.3d 48 (3d Cir.1994) ....................................................53

*Byrd v. Aaron's Inc.*,
  784 F.3d 154 (3d Cir. 2015) ...............................................53

*Campbell-Ewald Co. v. Gomez*,
  136 S. Ct. 663 (2016)....................................................29, 46, 51, 56

*Castro v. Sanofi Pasteur Inc.*,
  134 F. Supp. 3d 820 (D.N.J. 2015)......................................49

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013)...............................................................*passim*

*Cottrell v. Alcon Labs.*,
  874 F.3d 154 (3d Cir. 2017) ...........................................24, 25

*Curtis v. Progressive N. Ins. Co.*,
  No. CV-17-1076, 2020 WL 2461482 (W.D. Okla. May 12, 2020) ..................45

*Desai v. Geico Cas. Co.*,
  574 F. Supp. 3d 507 (N.D. Ohio 2021) ..............................45

*Fellippello v. Allstate Ins. Co.*,
  172 N.J. Super. 249 (App. Div. 1979)................................33

*Finkelman v. Nat'l Football League*,
  810 F.3d 187 (3d Cir. 2016) ...............................................24

*Fortson v. Garrison Prop. & Cas. Co.*,
  No. 19-CV-294, 2022 U.S. Dist. LEXIS 15478 (M.D.N.C. Jan. 21, 2022) ..................................................................45

iii

*Gunnells v. Healthplan Servs., Inc.*,
   348 F.3d 417 (4th Cir. 2003) ...............................................................47

*Hamilton v. Gov't Emps. Ins. Co.*,
   283 N.J. Super. 424 (App. Div. 1995) .....................................9, 25, 34

*Hargrove v. Sleepy's LLC*,
   974 F.3d 467 (3d Cir. 2020) ...........................................54, 55, 56, 57

*Hicks v. State Farm Fire & Cas. Co.*,
   965 F.3d 452 (6th Cir. 2020) ...............................................................45

*In re Hydrogen Peroxide Antitrust Litig.*,
   552 F.3d 305 (3d Cir. 2008) ................................................................21

*Int'l Rental & Leasing Corp. v. McClean*,
   303 F. Supp. 2d 573 (D.V.I. 2004), *opinion clarified*, No. CIV.A.
   2002-93, 2004 WL 3048847 (D.V.I. Dec. 27, 2004) ........................49

*Johnson v. Hartford Cas. Ins. Co.*,
   No. 15-CV-04138-WHO, 2017 WL 2224828 (N.D. Cal. May 22,
   2017) ...................................................................................................45

*Kelly v. Realpage Inc.*,
   47 F.4th 202 (3d Cir. 2022) ...................................................28, 55, 56

*Lara v. First Nat'l Ins. Co. of Am.*,
   25 F.4th 1134 (9th Cir. 2022) ...............................................43, 44, 45

*Lewis v. GEICO*,
   No. 18-5111 Dkt. 133 (D.N.J. Dec. 7, 2022).....................................33

*In re Linerboard Antitrust Litig.*,
   305 F.3d 145 (3d Cir. 2002) ...............................................................37

*In re Lower Lake Erie Iron Ore Antitrust Litig.*,
   998 F.2d 1144 (3d Cir. 1993) .............................................................49

*Lundquist v. First Nat'l Ins. Co. of Am.*,
   No. C18-5301RJB, 2020 U.S. Dist. LEXIS 195746 (W.D. Wash.
   Oct. 21, 2020) .....................................................................................43

*Messner v. Northshore Univ. HealthSystem*,
  669 F.3d 802 (7th Cir. 2012) ................................................................47

*Mielo v. Steak 'n Shake Operations, Inc.*,
  897 F.3d 467, 479 (3d Cir. 2018) ...............................................23, 25

*Mitchell v. State Farm Fire & Cas. Co.*,
  954 F.3d 700 (5th Cir. 2020) ...............................................................45

*Neale v. Volvo Cars of N. Am.*,
  LLC, 794 F.3d 353 (3d Cir. 2015)......................................30, 37, 47

*In re NFL Players Concussion Injury Litig.*,
  821 F.3d 410 (3d Cir. 2016) ................................................................52

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
  31 F.4th 651 (9th Cir.) (Ikuta, J.) (*en banc*), *cert. denied*, 143 S. Ct.
  424 (2022)....................................................................30, 31, 37

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
  No. 19-56514, 2022 WL 1053459 (9th Cir. Apr. 8, 2022), *cert.
  denied* (Nov. 14, 2022) ...............................................................44, 45

*Paris v. Progressive Am. Ins. Co.*,
  No. 19-21761-CIV, 2020 U.S. Dist. LEXIS 212127 (S.D. Fla. Nov.
  12, 2020) .........................................................................................5, 36

*In re Prudential Ins. Co. America Sales Practice Litigation Agent
  Actions*,
  148 F.3d 283 (3d Cir. 1998) ........................................................50, 51

*Prudhomme v. GEICO Ins. Co.*,
  No. 15-CV-00098 (W.D. La. Dec. 22, 2020) ....................................45

*Reyes v. Netdeposit, LLC*,
  802 F.3d 469 (3d Cir. 2015) ................................................................40

*Richardson v. Bledsoe*,
  829 F.3d 273 (3d Cir. 2016) ....................................................29, 30, 51

*Richardson v. Progressive Am. Ins. Co.*,
  No. 218CV715FTM99MRM, 2022 WL 154426 (M.D. Fla. Jan. 18,
  2022) .....................................................................................................45

v

*Saffore v. Atl. Cas. Ins. Co.*,
  21 N.J. 300 (1956) ...................................................................9, 25, 34

*Spina v. Metro. Life Ins. Co.*,
  No. 1:20-cv-14129, 2021 WL 2525713 (D.N.J. June 21, 2021) .......................33

*Stuart v. State Farm Fire & Cas. Co.*,
  910 F.3d 371 (8th Cir. 2018) ..............................................................45

*Sullivan v. DB Invs., Inc.*,
  667 F.3d 273 (3d Cir. 2011) ...............................................................36

*Torres v. Mercer Canyons Inc.*,
  835 F.3d 1125 (9th Cir. 2016) .............................................................46

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021)...............................................................24, 28, 30, 31

*Tyson Foods, Inc. v. Bouaphakeo*,
  577 U.S. 442 (2016)...................................................................*passim*

*Verma v. 3001 Castor, Inc.*,
  No. CV 13-3034, 2016 WL 6962522 (E.D. Pa. Nov. 29, 2016) .......................53

*Volino v. Progressive Cas. Ins. Co., No. 21 CIV 6243*,
  2023 WL 2532836 (S.D.N.Y. Mar. 16, 2023)...........................................*passim*

*Volino v. Progressive Cas. Ins. Co.*,
  No. 21 CIV. 6243 (LGS), 2022 WL 5242894 (S.D.N.Y. Oct. 6,
  2022) ........................................................................................33

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011).........................................................................2

*Williams v. Jani-King of Philadelphia Inc.*,
  837 F.3d 314 (3d Cir. 2016) ...............................................................32

*Zeno v. Ford Motor Co.*,
  238 F.R.D. 173 (W.D. Pa. 2006) .........................................................36

**Statutes**

29 U.S.C. § 206 ...................................................................................14

N.J. Rev. Stat. 17B:30-13.1 ................................................................9, 35

N.J. Rev. Stat. §§ 17:29B-3, -4(9)(c) ..............................................25, 42

**Other Authorities**

2 Couch on Ins. § 19:1 ................................................................9, 25, 34

Federal Rule of Civil Procedure 23 ..............................................*passim*

Federal Rule of Civil Procedure 30(b)(6) ...........................10, 14, 15, 55

N.J.A.C. 11:3–10.4....................................................................*passim*

N.J.A.C. 11:3-10.2 .......................................................................8, 18

N.J.A.C. 12:56-3.1 .........................................................................14

# I. INTRODUCTION

The district court properly certified this class of GEICO insureds who suffered total losses of their vehicles and were systematically underpaid by hundreds of dollars on their insurance claims. Plaintiffs' proof shows that on a uniform, classwide basis, (1) GEICO mechanically applied an unfounded, arbitrary, and illegal deduction to claim payments based on the condition of comparable vehicles ███████████████████████████████ ███████████████████████████████; and (2) GEICO failed to pay state-mandated taxes and fees as required by GEICO's insurance contract.[1]

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

---

[1] A62-82 (Opinion Granting Motion for Class Certification (Opinion)). The A numbers reflect the pages in the Joint Appendix.

[2] A713 at 158:3-16, 159:11-160:21 (CCC Dep.); A777 ¶ 1 (CCC Regional Field Supervisor Manual) ███████████████████████████████ ██████████████████████.

For loss vehicles, GEICO ███████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████. Illustrating that the goal is not

accuracy, the exact same deduction is used for different dealer vehicles, with

different usage and maintenance histories, residing on different dealer lots.

GEICO also breached its insurance policies by failing to pay sales taxes on

leased vehicles as well as title transfer and license fees on all vehicles ███████

███████████████████████████████ when the underlying action

had already been pending for two years. Because sales tax and title fees are

mandatory costs of the purchase or lease of any replacement vehicle following a

total loss, such fees are part of the "replacement cost" of the insured vehicle and

must be paid under the terms of the policy.[4] Yet, inexplicably, █████████

███████████████████████████████████████████

█████████████████████████████████ These

companywide practices caused underpayments classwide, and present common

questions of classwide contract liability. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S.

---

[3] A805 at Rog. 7; A657 at 182:9-18 (GEICO Dep., Brand); A795: at 86:25-87:14 (Deposition of Stuart Flaxman (Flaxman Dep.)).

[4] A659 at 202:2-205:6 (Deposition of Ryan Brand (GEICO Dep., Brand); A78-79.

338, 359 (2011).

The wrongful deduction and unpaid taxes and fees constitute classwide damages "consistent with [the] liability case." *Comcast Corp. v. Behrend*, 569 U.S. 27, 35, (2013). Aggregate damages can be calculated for the class based on GEICO's own data regarding claims and payments, GEICO's testimony about its own payment practices, and expert statistical analysis. *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 459-62 (2016). The case is a prototype for class treatment.

As the district court found, common issues predominate and a class action is superior because class members have no other viable way to challenge these systemic abuses.[5] Rule 23 is satisfied because Plaintiffs can prove these falsified deductions were applied to all class members, improperly lowered their valuations, always breached the contract, and caused underpayments classwide.

As the district court also recognized, "the focus is on whether the defendant's conduct was common as to all of the class members,"—that is, whether the claims lend themselves to class treatment—and "not on whether each plaintiff has a 'colorable' claim."[6] *See also Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013) ("Rule 23(b)(3) requires a showing that questions

---

[5] A79-80 (Opinion).
[6] *Id.* at A77.

common to the class predominate, not that those questions will be answered, on the merits, in favor of the class."). Thus, GEICO cannot defeat class certification by claiming it would prevail on certain disputed defenses. But that is exactly what GEICO attempts to do in this appeal, arguing that:

(1) the falsified deductions are harmless and do not support Article III standing,  ;

(2) ; and

(3) .

All of GEICO's defenses are classwide merits arguments to be resolved at trial; they would resolve the merits of the case for any class member and do not undercut commonality or predominance. *Amgen*, 568 U.S. at 459. The district court correctly found that none of them undercuts the ***classwide nature*** of Plaintiffs'

evidence.

Plaintiffs' vehicle was valued using the improper deduction and their claim payment was reduced by the improper deduction. Plaintiffs also were not paid the taxes and fees owed. Plaintiffs are typical of the class. The class is ascertainable from GEICO's own records combined with testimony about GEICO's classwide practices. GEICO's flimsy arguments regarding standing, injury, and the merits fall within the discretionary findings already made by the district court and provide no basis for reversal. The district court did not err in certifying this class, as other Courts have done in similar cases. *E.g.*, *Volino v. Progressive Cas. Ins. Co., No. 21 CIV. 6243,* 2023 WL 2532836, at *6-13 (S.D.N.Y. Mar. 16, 2023); *Paris v. Progressive Am. Ins. Co.*, No. 19-21761-CIV, 2020 U.S. Dist. LEXIS 212127, at *26 (S.D. Fla. Nov. 12, 2020).

## II.    QUESTIONS PRESENTED

1.    Plaintiffs presented classwide evidence that GEICO's standard insurance policy prohibited it from applying deductions that were inappropriate and not measurable, itemized, discernible, or based on a reasonable investigation, and that GEICO's use of such deductions reduced payments to class members. Did the district court err in finding that Plaintiffs and the class showed monetary injury that supports standing?

2.    Plaintiffs showed that on a uniform basis, GEICO's unauthorized

deductions reduced the amount it was otherwise required to pay under its standard insurance contract according to the total loss valuation method required by New Jersey law. GEICO is also prohibited by law and contract from using an unauthorized valuation method or departing from the method it has chosen. Did the district court err in finding that common questions predominated based on Plaintiffs' common proof that GEICO's automatic application of these deductions causes damages to every class member?

3.     Plaintiffs challenge GEICO's use of unauthorized deductions in the valuation and payment of total loss claims and presented a damages model that estimates aggregate damages to the class from the use of these adjustments. Did the district court err in finding that Plaintiffs' damages model based on the adjustments matches Plaintiffs' theory of liability challenging the use of the adjustments?

4.     In settling Plaintiffs' total loss claim, GEICO utilized a valuation report that applied the prohibited deduction to all comparable vehicles used to calculate the value of Plaintiffs' total loss vehicle. The deduction was never removed or corrected, and it lowered the amount ultimately paid on Plaintiffs' claim. After this suit for underpayment was filed alleging that GEICO had breached its contract, GEICO demanded that an appraisal of Plaintiffs' vehicle be performed. Did the district court err in finding that Plaintiffs are typical of other

class members whose claims were valued and paid based upon the prohibited deduction?

5.     Using GEICO's internal records, its corporate testimony, and valuation documents, Plaintiffs presented evidence sufficient to enable the court to ascertain who is in the class. Did the district court err in finding that the class was ascertainable?

## III.   STATEMENT OF FACTS AND STATEMENT THE CASE

**A.     GEICO's brief fails to disclose Plaintiffs' central theory of classwide liability regarding the condition deduction.**

Class certification depends on the plaintiffs' theory of classwide liability. *Comcast*, 569 U.S. at 34. But neither GEICO's 50-page Opening Brief nor the amicus brief filed by its vendor, CCC, fully discloses Plaintiffs' first theory of classwide proof: that ███████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████.[7] A predominance analysis requires "considerations that are enmeshed in the factual and legal issues comprising ***the plaintiff's cause of action***"—not the Defendants' half-told version of the case. *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013) (emphasis added). Plaintiffs' proof shows these deductions are an improper way for GEICO to underpay the claims of all class

---

[7] A77-78 (Opinion).

members (and reap tens of millions in profits) by inflating the supposed condition of comparable vehicles based on falsified or sham inspections of them. ███████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

**B.     As an automobile insurer, GEICO must adopt a total loss valuation method that complies with the law and must not apply unsupported or arbitrary deductions that reduce claims payments.**

For total losses, New Jersey law requires that the auto insurer provide compensation for the "actual cash value" ("ACV") of the vehicle—generally defined as the cost to replace the vehicle. N.J.A.C. 11:3-10.2. The statute prescribes several permissible methods for valuing total losses, including the use of comparable motor vehicle values in the local market area. N.J.A.C. 11:3-10.4(a)(1)-(3). Auto insurers are not free to devise—at the time of the claim or later on in litigation—a valuation method other than what the statute permits; they must use the same statutory valuation method for all claims. N.J.A.C. 11:3-10.4(d). GEICO must pay its insureds what they are owed, and the valuation of a total loss vehicle must be definitive; it is not an opening offer or an invitation for the insured to haggle over price.[8] GEICO is an insurer, not a used-car dealer.

---

[8] A641 at 29:3-15, A655 at 124:11-21 (GEICO Dep., Brand); A1875 at 73:9-74:12 (Flaxman Dep.).

Critically here, any deductions that insurers apply to the values of those comparable vehicles must be "measurable, discernible, itemized and specific as to the dollar amount," and the adjustments must be "appropriate." N.J.A.C.11:3-10.4(a), -10.4(h), -10.3(j). The regulation does not permit GEICO to make arbitrary or unsupported deductions from value; as GEICO concedes, accuracy is the paramount concern.[9] An insurer must not make deductions unless it undertakes a reasonable investigation based on reasonable standards for such an investigation. N.J. Rev. Stat. § 17B:30-13.1. Insurers must effectuate fair and equitable settlements. *Id.* All of the above obligations are incorporated into the contract and form part of an insurer's contractual duty to the insured. *Saffore v. Atl. Cas. Ins. Co.,* 21 N.J. 300, 309-10 (1956); *Hamilton v. Gov't Emps. Ins. Co.,* 283 N.J. Super. 424, 429, (App. Div. 1995); 2 Couch on Ins. § 19:1.

These rules mean that the published prices of comparable vehicles must not be reduced by deductions to account for "condition" ███████████ ██████████████████████████████████████████████████ ███████████████████████████ GEICO breaches the insurance contract and New Jersey law, which is read into the contract, by applying arbitrary, unsupported, unitemized, and unexplained deductions that reduce ACV and, consequently, claims payments.

---

[9] A642 at 31:5-13, A650 at 87:10-16.

**C. GEICO mechanically applies a condition deduction to the values of comparable vehicles that are the basis for the claim valuation and payment.**



For all comparable vehicles on dealer lots in a given valuation report, CCC applies a negative "condition adjustment" to the list price.[15] For the class members, these condition deductions range ███████████████████████████████████████

█████████████████████████████████████████████████████████████

---

[10] A647 at 71:8-13, A648-49 at 77:14-78:16.

[11] A866 ¶ 21 (Decl. of Larry Hausman-Cohen in Support of Plaintiffs' Motion for Class Certification (Hausman-Cohen Decl.)).

[12] *Id.*; A681 at Rog. 20 (GEICO's Amended Responses to Interrogatories).

[13] Op. Br. at 12.

[14] A668 at 60:8-18 (Dep. of GEICO's Rule 30(b)(6) Designee, Troy Penry (GEICO Dep., Penry)).

[15] A866 ¶ 24 (Hausman-Cohen Decl.); A710-11 at 40:9-42:24 (Deposition of CCC's Rule 30(b)(6) designee, John Gintvainis (CCC Dep.)); A1327-29 (Plaintiffs' MVR).

[16] A866 ¶ 24 (Hausman-Cohen Decl.).



**D. Plaintiffs developed classwide proof that GEICO's adjustments are unsupported**

---

[17] A865 ¶ 22; A711 at 43:2-16 (CCC Dep.).

[18] A711 at 43:2-16 (CCC Dep.).

[19] *Id.*

[20] A670-71 at 81:12-82:9 (GEICO Dep, Penry.).

[21] A671 at 82:10-16 (GEICO Dep., Penry).

[22] A644 at 59:13-17, A646 at 67:4-9, 67:16-23 (GEICO Dep., Brand).

[23] A645-46 at 65:21-66:22 (GEICO Dep., Brand); A717-20 (CCC Condition Matrix).



---

[24] *Id.*

[25] A711 at 43:2-16 (CCC Dep.).

[26] *Id.* at 43:18-44:8.

[27] A712 at 48:14-49:7 (CCC Dep.); A698 (MCC Decl., Ex. 5); A865-66 ¶¶ 21-24 (Hausman-Cohen Decl.).

[28] A769 (CCC's Regional Field Supervisor Training Manual ████████████████ ████████████████ Motion for Class Certification (McCathren Cond. Decl.)).



---

[29] A715 at 177:2-20 (CCC Dep.); A728, 748 (CCC FIR Manual).

[30] A717-20 (CCC Condition Matrix).

[31] A958-63 (McCathren Cond. Decl.).

[32] A715 at 177:2-20 (CCC Dep.); A728, A748 (CCC FIR Manual).

[33] A713 at 159:17-160:15 (CCC Dep.); A717-20 (CCC Condition Matrix); A739-48 (CCC FIR Manual); A754-85 (CCC Regional Field Supervisor Training Manual); A958-61 (McCathren Cond. Decl.).



---

[34] A714-15 at 172:14-174:8 (CCC Dep.); A728 (CCC FIR Manual); 29 U.S.C. § 206; NJ Admin Code 12:56-3.1.

[35] A958-61 (McCathren Cond. Decl.).

[36] A951-61 (McCathren Cond. Decl.).

[37] A717-20 (CCC Condition Matrix); A748 (CCC FIR Manual); A960-61 (McCathren Cond. Decl.).

[38] A651 at 107:22-108:24 (GEICO Dep., Brand); A788 at 30:16-18 (Flaxman Dep.).

[39] A652 at 113:5-13 (GEICO Dep., Brand).



This evidence, if accepted, would permit a classwide finding that GEICO breached the contractual duty to conduct a reasonable investigation in applying unjustified deductions to comparable vehicles.

**E.    Plaintiffs have developed proof common to the class that GEICO applies unlawful, unsupported condition adjustments on a systemic basis to undervalue and underpay claims.**

The lump-sum condition adjustments are never itemized by vehicle

---

[40] A961-63 (McCathren Cond. Decl.); A670-71 at 81:12-82:9 (GEICO Dep., Penry).

[41] A652 at 110:11-111:18, 113:5-13 (GEICO Dep., Brand); A789-90 at 43:18-24, 45:16-46:8 (Flaxman Dep.).

[42] A655 at 116:3-23; 121:4-10; 124:11-21 (GEICO Dep., Brand); A1875 at 73:9-74:12 (Flaxman Dep.).

[43] A654 at 119:3-120:4 (GEICO Dep., Brand); A1874-75 at 72:6-73:3 (Flaxman Dep.).

[44] A652 at 110:11-111:18 (GEICO Dep., Brand).

component, nor are they explained.[45] ███████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████████ [46] These standard

practices support classwide claims of breach.

## F.  Plaintiffs' classwide proof of GEICO's practices shows that the unlawful and unjustified deduction resulted in underpayments.

As the district court found, Plaintiffs presented proof confirming that the

wrongful deduction impacted claims payments across the class. Plaintiffs obtained

and analyzed the valuation reports ████████████████████████████████

███████ ████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████

Based on GEICO's standard claims practices and Plaintiffs' expert

testimony, the deduction lowered the claims payments for █████ of claims—

classwide proof of monetary damages.[49] ████████████████████████████

---

[45] A651 at 109:8-13 (GEICO Dep., Brand); A698 (Plaintiffs' MVR).

[46] A698 (Plaintiffs' MVR).

[47] *See generally* A861-68 (Hausman-Cohen Decl., setting forth Plaintiffs' analysis of MVRs for the class).

[48] A712 at 48:19-49:7 (CCC Dep.); A698 (CCC MVR); A864-66 ¶¶ 21-24 (Hausman-Cohen Decl.).

[49] A925 (Kaufman Decl.); A1040-48 (Declaration of Elizabeth E. Gibson in Support of Plaintiffs' Motion for Class Certification (Gibson Decl.) & Ex. 1).



[50] A652 at 113:5-13 (GEICO Dep., Brand).

[51] A1903 (Plaintiffs' MVR)

[52] A792-93 at 76:12-79:4 (Flaxman Dep.).

[53] *Id*.

[54] A925 (Declaration of Lance Kaufman in Support of Plaintiffs' Motion for Class Certification (Kaufman Decl.)).

[55] A1040-48 (Gibson Decl. & Ex. 1).

 As the

district court found, Plaintiffs can use this expert analysis to prove aggregate

damages resulting from the condition deduction to the entire class.[59]

## G. GEICO's standard insurance policy requires payment of replacement costs such as sales tax, title transfer fees, and license plate transfer fees.

In the case of a total loss, the Policies also set the limit of liability as "actual

cash value of the property at the time of the loss,"[60] which is defined as "the

**replacement cost** of the auto or property less depreciation or betterment."[61] In

New Jersey, an insured vehicle cannot be replaced without payment of sales tax,

title fees, and license plate transfer fees and, as such, these costs are undeniably

---

[56] *Id.* ¶ 6, & Ex. 1.

[57] A925 (Kaufman Decl.).

[58] *Id.* at A932; A1928-29 ¶¶ 10-14 (Kaufman Rebuttal Decl.).

[59] *Id.*

[60] A337 (Policy); A659 at 202:2-203:20, A660 at 206:12-16 (GEICO Dep., Brand).

[61] A337 (Policy) (emphasis added); *see also* Glossary of Ins. Terms, NJDOBI, *available at* https://www.nj.gov/dobi/ins_ombudsman/om_gloss.htm (last visited Feb. 14, 2021); N.J.A.C. 11:3-10.2.

part of the "replacement cost" of a totaled vehicle.[62] ██████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

## H. By applying condition adjustments to the values of comparable vehicles, failing to pay sales tax, and failing to pay title and license plate fees, GEICO undervalued Plaintiffs' total loss claims in the same manner as the rest of the class.

Plaintiffs leased a 2017 Volkswagen Jetta and insured it under GEICO's standard auto policy. It was wrecked in a collision in 2018. GEICO obtained a CCC market valuation report to determine its payment.[66] GEICO offered to pay, and did pay, $17,258.00 attributable to the value of the vehicle (minus deductible), citing its CCC valuation report.[67] The valuation report listed values of 11 comparable vehicles and applied a negative uniform condition adjustment of

---

[62] A999-1005 (Vehicle Leasing Sales Tax and Fees Declaration of Randall McCathren in Support of Plaintiffs' Motion for Class Certification (McCathren Leasing Decl.).

[63] A927-28 (Kaufman Decl.).

[64] A806 at Interrogatory 7 ███████████████████████████████████████
████████████████████████████████ A657 at 182:9-18 (GEICO Dep., Brand); A795: at 86:25-87:14 (Flaxman Dep.).

[65] A928 (Kaufman Decl.).

[66] A1319-36 (Plaintiffs' MVR).

[67] A1319 (Plaintiffs' MVR); A218-19 (explanation letter to Plaintiffs).

$1,006 to all 12 without itemizing or explaining the basis of the adjustment.[68] The

report reduced the value of these comparable vehicles by the same amount,

regardless of any individual differences in the condition of the vehicles.[69] These

blanket adjustments resulted in an underpayment of $1,006.[70] GEICO also failed to

include sales tax, license, and title fees in paying the loss for Plaintiffs' leased-

vehicle claim. In doing so, GEICO breached its contract with Plaintiffs.

## I.    Course of proceedings.

Plaintiffs filed this class suit challenging GEICO's systematic use of

condition deductions applied to the values of comparable vehicles to undervalue

and underpay total loss claims. Plaintiffs also challenged GEICO's failure to pay

sales tax for leased total losses as well as tag and title fees for all total losses.

Plaintiffs move to certify a class defined as follows:

> All individuals insured in New Jersey by GEICO under a GEICO
> private passenger vehicle policy who, from the earliest allowable time
> to the date of judgment,
>
> 1) Received a first party total loss settlement or settlement offer that
>    did not include applicable sales tax, title fees, or license plate fees;
>
>    or

---

[68] A1327-30 (Plaintiffs' MVR).

[69] *Id*. Some of the comparable vehicles on Plaintiffs' MVR are displayed in
"summary format" and the condition adjustment is not displayed but, as the MVR
notes, these vehicles are "adjusted *the same* as those on the previous page."
SDLGEICO00384. The condition adjustments to these dealer comparables are the
same in amount. A711 at 43:2-16 (CCC Dep.).

[70] A1319, A1327 (Plaintiffs' MVR).

2) Received a first party total loss settlement or settlement offer based in whole or in part on the price of comparable vehicles reduced by a "condition adjustment."[71]

Simultaneously denying GEICO's motion to exclude Plaintiffs' expert testimony on classwide damages resulting from the adjustment, the district court certified this class of insureds under Rule 23(b)(3), finding that common issues predominated and the other requirements of Rule 23 were met.[72] The district court denied GEICO's motion for reconsideration on October 19, 2022.[73] This Court granted review of the order certifying the class under Federal Rule of Civil Procedure 23(f); GEICO does not challenge the district court's *Daubert* ruling on appeal.

## IV.  STANDARD OF REVIEW

This Court reviews class certification orders for an abuse of discretion. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 312 (3d Cir. 2008), as amended (Jan. 16, 2009).

## V.  SUMMARY OF ARGUMENT

Plaintiffs have standing to pursue their claims because the condition deduction to comparable vehicles caused them monetary harm by lowering their claim payment. GEICO is obligated by the contract and New Jersey law to use a

---

[71] A65 (Opinion).
[72] A62-82 (Opinion); A83 (Order on MCC).
[73] A84-86 (Order on Defendant's Motion for Reconsideration).

consistent, legally prescribed methodology to value total losses. The contract prohibits the use of deductions not authorized by New Jersey law. GEICO's application of a baseless condition deduction is not permitted—it therefore caused monetary harm because without the $1,006 deduction, Plaintiffs would have received a payment higher than the one they received.

Common questions predominate because Plaintiffs presented classwide proof that the deductions result in lower valuations and that GEICO pays claims based on the deductions ███████ of the time. Plaintiffs obtained valuation reports ███ ███████████████████████████████████████████████ ████████. Plaintiffs deposed GEICO personnel who confirmed █████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ █████ GEICO continues to deny liability and dispute Plaintiffs' damages, but none of those arguments undermines the classwide *form* of Plaintiffs' evidence. Rule 23 is therefore satisfied.

Similarly, Plaintiffs have shown a method of proving aggregate damages classwide using the amount of the deductions themselves. This proof of damages corresponds to Plaintiffs' proof of liability because Plaintiffs and the class have an enforceable expectancy of a claim payment free of prohibited deductions.

Plaintiffs are typical of the class they seek to represent because GEICO

calculated their claim payment using a report that contained the prohibited deduction. Unrelated adjustments to the valuation do not cure or negate the invalid deduction, which always remained part of the report and payment. GEICO's attempt to "pick off" the lead plaintiffs by demanding an appraisal after suit was filed does not impair their ability to represent the class.

Finally, the class is ascertainable. Class members can be identified from the classwide valuation data and records obtained by Plaintiffs. GEICO's corporate testimony establishes that its misuse of the reports and resulting underpayments applied across the class, as did the failure to pay taxes and fees. And Plaintiffs' expert analysis confirms that these class members can be identified and were in fact impacted by underpayments.

## VI.   ARGUMENT

**A.    The district court properly found Plaintiffs and the class had standing because they were harmed by the unsupported deductions.**

    **1.    Plaintiffs have standing because they contend that GEICO reduced their claim payment with an invalid, impermissible deduction.**

GEICO argues that several merits defenses deprive Plaintiffs and the class of standing. But as the district court ruled, "[s]tanding is not an opportunity to shoehorn arguments about the merits of Plaintiffs' claims."[74] *See Mielo v. Steak 'n*

---

[74] A72 (Opinion).

*Shake Operations, Inc.*, 897 F.3d 467, 479 (3d Cir. 2018). This Court separates the standing inquiry "from any assessment of the merits of the plaintiff's claim." *Cottrell v. Alcon Labs.*, 874 F.3d 154, 162 (3d Cir. 2017). As the district court recognized, Plaintiffs have standing when they show "(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016) (internal quotations and citations omitted). Contrary to what GEICO argues,[75] the district court did not rely on "bare allegations" in deciding the standing question but treated GEICO's argument as a factual challenge—one that fails upon the evidence.[76]

Monetary harm from the alleged violation of a legally protected interest indisputably gives rise to standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200, 2214 (2021). Further, GEICO's use of deductions that were unitemized, unexplained, and unsupported deprived Plaintiffs of information they were legally entitled to in the context of evaluating a total loss valuation—an informational injury that also supports standing. *Id.* As the district court recognized, there is classwide evidence that GEICO owed a contractual duty not to apply made-up

---

[75] Op. Br. at 21.
[76] A71-72 (Opinion).

deductions to the mandatory calculation and payment of Actual Cash Value, as required by its form (specimen) insurance policy and the New Jersey insurance regulations incorporated into the contract as a matter of law.[77] *Saffore v. Atl. Cas. Ins. Co.,* 21 N.J. 300, 309-10 (1956); *Hamilton v. Gov't Emps. Ins. Co.,* 283 N.J. Super. 424, 429, (App. Div. 1995); 2 Couch on Ins. § 19:1. In processing Plaintiffs' total loss claim, GEICO followed its standard practice of applying the disputed deductions to the values of comparable vehicles, calculating the valuations based on those artificially reduced values, and calculating the claim payments based on those reduced values.[78]

GEICO may disagree that illegal deductions caused harm, but Plaintiffs have nonetheless alleged (at least) a "colorable argument" that the deductions caused them and the class to be underpaid. Plaintiffs contend that under the insurance contract, GEICO must ensure its deductions are grounded in fact *in the first place.* N.J.A.C.11:3-10.4(a), -10.4(h), -10.3(j); N.J. Stat. §§ 17:29B-3, -4(9)(c). Yet, no reasonable investigation was done, so the deductions are both wrong and impermissible. Assuming that Plaintiffs' legal theory is correct as required by *Cottrell,* the district court rightly held that Plaintiffs have standing. *Mielo,* 897 F.3d at 479.

---

[77] A78 (Opinion); A597-98 (MCC).
[78] A77-78 (Opinion); A598-601, A605-06 (MCC).

GEICO also argues that the deduction does not result in a payment below what is required by the contract. But again, this argument prematurely assumes that Plaintiffs' legal theory—that the deduction is an extraneous and impermissible reduction to the required calculation of Actual Cash Value—is wrong. And it wrongly assumes that Plaintiffs must prove that Actual Cash Value is something other than the calculation method required by New Jersey law, which GEICO must adhere to for all claims. N.J.A.C. § 11:3-10.4(d).

Similarly doomed is GEICO's suggestion that "under Plaintiffs' theory . . . GEICO could have paid Plaintiffs $35,000 or even $100,000 for the value of their totaled vehicle . . . and they would still be considered 'injured'" by the deduction. Plaintiffs are not attacking GEICO's valuation as a whole; Plaintiffs theory is that once GEICO calculates ACV according to the law, the contract, and the methodology that GEICO itself has chosen, it must not tamper with that figure by injecting a deduction that breaks the law. Doing so causes monetary harm.[79] *Volino*, 2023 WL 2532836, at *10.

GEICO argues that unrelated adjustments to Plaintiffs' payment removed or negated the harm from the unlawful condition deduction, but Plaintiffs dispute that the deduction is ever cured, removed, or offset by other adjustments, as more fully

---

[79] A67 (Opinion).

explained below.[80] For example, GEICO argues that because Plaintiffs received an adjustment to settle in excess of the amount of the condition deduction, Plaintiffs were not harmed by the illegal deduction.[81] But the adjustment to settle is at best a goodwill adjustment resulting from Plaintiffs' dispute with GEICO[82] and GEICO has presented no evidence that Plaintiffs would not have received the adjustment to settle absent the condition deduction. Indeed, GEICO maintains that the CCC valuation with the deduction was averaged with other sources to arrive at the "adjustment to settle," confirming that the deduction still impacted the payment as part of the average.[83]

GEICO thus concedes that it relied on CCC's calculations in calculating Plaintiffs' payment because GEICO averaged CCC's calculations with other sources to arrive at the final payment amount.[84] GEICO disagrees on the impact of the adjustment, but GEICO's disagreement does not deprive Plaintiffs of standing. It is, after all, disagreement that creates a justiciable controversy in the first place. GEICO profits from these deductions at the expense of class members because they lower claims payments. Plaintiffs have sufficiently alleged harm to support Article III standing.

---

[80] *See infra* Section VI.B.2-3.
[81] Op. Br. at 28.
[82] *See infra* Section VI.D, *see also* A1357 (Plaintiffs' claims diary excerpt).
[83] Op. Br. at 15.
[84] Op. Br. at 15; A1357-58.

Disregarding Plaintiffs' evidence that the deduction is baseless—as it does throughout its brief—GEICO also argues that a mere failure to itemize the deduction causes no harm under *TransUnion* and *Kelly v. Realpage Inc.*, 47 F.4th 202, 214 (3d Cir. 2022). The holding of *TransUnion LLC* supports Plaintiffs, not GEICO, because it recognizes that the injury-in-fact requirement of Article III may be met by allegations of "monetary harm" (as already noted) or a "fail[ure] to receive any required information"—the two central bases for Plaintiffs' claims. 141 S. Ct. at 2200, 2214. Regarding condition deductions, Plaintiffs do not allege a mere formatting error or "bare procedural violation, divorced from any concrete harm"—they allege that GEICO artificially reduces its valuations (and payments) with deductions that are based on an exaggerated rating of comparable vehicle condition based on a non-existent or sham inspection. Compounding that breach, the deductions are unitemized, unexplained, unverifiable, depriving Plaintiffs and the class of the ability to identify, understand, assess, and dispute the impropriety of the deduction. These "adverse effects" are directly connected to the interest protected by GEICO's contractual duties and thus support standing under *Kelly* and *TransUnion*.

Finally, as the district court correctly recognized, GEICO's attempt to rewrite history by conducting an outside appraisal of Plaintiffs' vehicle *after* this

suit was filed could not cure the initial breach or deprive Plaintiffs of standing.[85]

*Richardson v. Bledsoe*, 829 F.3d 273, 284-86 (3d Cir. 2016). GEICO's statement

that Plaintiffs' claim was "determined through appraisal" misrepresents the record.

GEICO valued and paid Plaintiffs' claim based on the CCC valuation. ***After***

Plaintiffs filed this suit, GEICO invoked the appraisal clause of the agreement. The

clause provides than an outside appraisal may be used to determine the value of the

vehicle.[86] The appraisal cannot resolve any legal claims such as claims for breach

of contract and consumer fraud, nor can it change the fact that GEICO

undercalculated their payment to begin with.

GEICO tendered a check for $4,776.69 reflecting the higher valuation

reached by the appraisers which Plaintiffs declined and returned to GEICO.[87] An

unaccepted settlement offer cannot moot the claims of putative class

representatives. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670-72 (2016).

Unlike the offer of judgment at issue in *Campbell-Ewald*, an appraisal does not

even resolve underlying legal claims. No payment was even completed.[88] GEICO's

post-suit actions do not change the position Plaintiffs were in when they brought

---

[85] A72 (Opinion).
[86] A340 ¶ 6 (Policy).
[87] A536 (Appraisal Award); A559 ¶10 (Declaration of John M. DeStefano in Support of Plaintiffs' Reply in Support of Motion for Class Certification (Reply Decl.)).
[88] A560 ¶ 10 (Reply Decl.).

suit, and they retain standing because their claims relate back to that moment. *See Richardson*, 829 F.3d at 284-86.

### 2. Plaintiffs have demonstrated that class members have standing because GEICO underpaid them in the same manner as Plaintiffs.

This Court has rejected the notion that Plaintiffs must show that some or all absent class members possess standing, given that "[w]hen a Rule 23(b)(3) class-action complaint is filed, the unnamed class members are generally unknown." *Neale v. Volvo Cars of N. Am.*, LLC, 794 F.3d 353, 367 (3d Cir. 2015). Plaintiffs must demonstrate their individual standing and that the requirements of Rule 23 are met, but "requiring Article III standing of absent class members is inconsistent with the nature of an action under Rule 23." *Id.* This rule remains unchanged after *TransUnion*.[89] 141 S. Ct. at 2208 n.4. The fact that class members may have been unharmed does not preclude class certification; it is simply a factor bearing on the district court's discretionary determination of whether common issues predominate. *Neale*, 794 F.3d at 367 n.5 (collecting cases). And a "district court is in the best position to determine whether individualized questions, including those regarding class members' injury, will overwhelm common ones and render class certification inappropriate." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 (9th Cir.) (Ikuta, J.) (*en banc*) (quotation omitted),

---

[89] Contrary to the district court's suggestion, A71 (Opinion), this question was expressly reserved by the Supreme Court.

*cert. denied*, 143 S. Ct. 424 (2022).

Regardless of whether class member standing must be shown now, Plaintiffs presented evidence of classwide injury. *Id.* at 682. The bogus deduction reduces claims payments for all or nearly all class members. Classwide data exists identifying class members whose valuations were reduced by those deductions: the

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████.[90] The same expert testimony can be used to calculate classwide damages.[91]

Finally, GEICO argues the district court's findings relating to standing fail because the certified class "is not limited to insureds who received a settlement payment based on a valuation utilizing equating condition deductions."[92] Plaintiffs' classwide evidence does, in practice, limit the damages class to those insureds who received claim payments based on the deduction. Any monetary relief arises solely from the claims of those class members who would ultimately have standing to recover it. *TransUnion*, 141 S. Ct. at 2208. The district court did not violate Article III by finding, within its discretion, that these class claims could be asserted.

---

[90] A78-81 (Opinion); A865-66 ¶¶ 21-26 (Hausman-Cohen Decl.); A925-38 (Kaufman Report).

[91] A81 (Opinion); A925-38 (Kaufman Report); A628-29 (MCC).

[92] Op. Br. at 32.

**B.** **GEICO's theory that underpayments and misinformation do not harm its customers is an improper merits argument at the class certification stage and regardless, it can be resolved in common.**

    **1.** **The district court correctly ruled based on the classwide nature of Plaintiffs' evidence and not whether Plaintiffs' evidence would be accepted at trial.**

GEICO next argues the district court did not engage in the requisite analysis of Rule 23(b)(3)'s predominance requirements.[93] Not so. The district court correctly found the predominant issues here are whether GEICO's form insurance policies include coverage for the sales tax and transfer fees for and whether GEICO breached by applying condition deductions and that "the resolution of these issues will be determined by common proof on the meaning of the subject contract language." Rule 23(b)(3) predominance tests whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). "[T]he focus of Rule 23(b)(3) is on the predominance of common *questions.*" *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013). "A failure of proof on the *common* question" will never cause individual questions "to overwhelm questions common to the class." *Id.* at 467-68; *Williams v. Jani-King of Philadelphia Inc.*, 837 F.3d 314, 322 (3d Cir. 2016).

---

[93] Op. Br. at 45.

GEICO argues that harm is an individualized question,[94] but Plaintiffs

submitted expert statistical analysis and corporate evidence showing that harm

arises classwide from GEICO's classwide breach.[95] *See Spina v. Metro. Life Ins.

Co.*, No. 1:20-cv-14129, 2021 WL 2525713, at *7 (D.N.J. June 21, 2021)

(elements of contract claim).[96] Because GEICO valued the claims of the class

under the same procedures and policy, using the same valuation methods, and the

same payment procedures, "the experiences of a subset of [insureds] can be

probative as to the experiences of all of them" including what proportion of the

class was harmed by the deduction. *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S.

442, 455, 459 (2016). And because GEICO's *Daubert* motion to exclude Plaintiffs'

statistical proof was denied,[97] the district court was not free to disregard it; it was

"a matter for the jury." *Id.* at 455. As the district court found, the baseless

---

[94] Op. Br. at 39-40.

[95] A67-69 (Opinion).

[96] GEICO notes that the New Jersey Commissioner of Banking and Insurance has approved CCC as a provider of valuation information but sets forth no further argument as to why this bears upon class certification. Op. Br. at 9. Any such argument was not timely raised before the district court and has been waived. A1049 (Def.'s Opp. to MCC); Mot. for Reconsideration, *Lewis v. GEICO*, No. 18-5111 Dkt. 133 at 14-15 (D.N.J. Dec. 7, 2022); A84-86 (Order Denying Def.'s Mot. for Reconsideration). Regardless, this approval does not immunize GEICO from claims that it breached its claims handling duties under the insurance policy; the Commissioner cannot approve claims practices that violate New Jersey law. *Fellippello v. Allstate Ins. Co.*, 172 N.J. Super. 249, 261 (App. Div. 1979); *see also Volino v. Progressive Cas. Ins. Co.*, No. 21 CIV. 6243 (LGS), 2022 WL 5242894, at *3 (S.D.N.Y. Oct. 6, 2022).

[97] A83 (Order).

deductions "are applied to all dealer vehicles in CCC valuation reports used to value total loss claims."[98]

GEICO argues that the district court's decision is error because it is "rooted in the faulty premise that a purported violation of a regulation alone is sufficient to establish [] injury."[99] According to GEICO, harm cannot "be presumed from the mere presence of an equating condition adjustment in a MVR."[100] But GEICO mischaracterizes Plaintiffs' classwide proof: Plaintiffs claim that GEICO **breached its contract** by applying "an unsupported condition adjustment to the values of comparable dealer vehicles based on a non-existent or flawed inspection process," and that this deduction ultimately lowered claims payments classwide.[101] GEICO's suggestion that the regulations "do not provide a private cause of action"[102] is irrelevant. Insurance statutes and regulations form a part of all contracts to which they are applicable. *Saffore v. Atl. Cas. Ins. Co.,* 21 N.J. 300, 309-10 (1956); *Hamilton v. Gov't Emps. Ins. Co.*, 283 N.J. Super. 424, 429 (App. Div. 1995); 2 Couch on Ins. § 19:1-19:2. Plaintiffs challenge the deduction as a breach of the contract, which incorporates New Jersey's claims handling regulations requiring

---

[98] A78 (Opinion).
[99] Op. Br. at 33.
[100] Op. Br. at 35.
[101] A77-78 (Opinion).
[102] Op. Br. at 34, n.10.

deductions to be appropriate, measurable, discernible, itemized, and based upon a reasonable investigation. N.J.A.C. § 11:3-10.4; N.J. Rev. Stat. 17B:30-13.1.

If the contract disallows unsupported, unitemized, and unexplained condition deductions, classwide evidence of those deductions is evidence that every class member's claim was undervalued based on the very valuation method GEICO adopted and must follow under New Jersey law. As the district court aptly put it, "Plaintiffs do not seek to ascertain or recover actual cash values of vehicles. Rather, they seek to recover improper adjustments"—that is, the deductions.[103]

In essence, GEICO's argument assumes that Actual Cash Value means something other than the valuation method required by New Jersey regulations and adopted by GEICO. That issue aside, certification must be evaluated based on Plaintiffs' evidence being accepted. Here, either the deduction is permitted to be part of the payment calculation, or it is not. If the evidence of harm is accepted, every class member was paid based on the same impermissible deduction and would be entitled to recover the prohibited deduction, leaving no class member unharmed. *See Volino*, 2023 WL 2532836, at *9. If it is rejected, the class has not met its burden of proof and—because Plaintiffs assert no other challenge to the valuation process—the claims of all class members fail. It is not for the district

---

[103] A69 (Opinion). Classwide, the comparable vehicles relied upon cannot be inspected today because they are no longer listed for sale in the condition they were in at the time of the loss.

- 35 -

court to accept or reject the evidence now. *Amgen*, 568 U.S. at 466; *Volino*, 2023 WL 2532836, at *9. And GEICO's brief never cites, let alone addresses, the controlling, adverse decision in *Amgen*.

Like the classes certified in *Volino* and *Paris v. Progressive Am. Ins. Co.*, No. 19-21761-CIV, 2020 U.S. Dist. LEXIS 212127, at *26 (S.D. Fla. Nov. 12, 2020), every putative class member here was insured by GEICO under identical material policy terms. Plaintiffs seek a determination that GEICO breached the Policies by applying an unlawful condition deduction to the values of comparable vehicles, failing to pay sales tax on leased vehicle claims, and failing to pay license transfer and title transfer fees on all total loss claims. The answers to each question will be determined by common proof on the meaning of the subject contract language.

Moreover, predominance is normally satisfied where plaintiffs have alleged a common course of conduct on the part of the defendant. *See Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 298 (3d Cir. 2011). "Predominance is met when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class members' individual position." *Zeno v. Ford Motor Co.*, 238 F.R.D. 173, 190 (W.D. Pa. 2006) (citations and quotations omitted). The Court can decide as to the entire class whether GEICO's approach complies with the insurance contract and

the provisions of New Jersey law it incorporates. *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 375 (3d Cir. 2015). Thus, the breach of New Jersey law becomes a breach of the contract that may be resolved on a classwide basis.

2.   **The district court rightly concluded that individualized issues relating to claims settlement practices do not predominate where the improper deduction was shown to reduce payments for ███ % of the class.**

GEICO claims individualized issues relating to claim settlement predominate because GEICO supposedly "deviates from MVR values when settling claims,"[104] but Plaintiffs presented classwide evidence that this is not so. This is not the time to decide the merits, and the mere presence of individualized defenses does not preclude certification. *In re Linerboard Antitrust Litig.*, 305 F.3d 145, 162 (3d Cir. 2002). GEICO has not met its burden to show that any such defenses are relevant or even apply here.

GEICO refers to total losses settled through appraisals, but Plaintiffs' statistical sample revealed no claims subject to outside appraisals.[105] ███████████ ██████████████████████████████████████[6] The district court was within its discretion to conclude that the hypothetical presence of such class members does not defeat predominance. *Olean* 31 F.4th at 669. GEICO

---

[104] Op. Br. at 36.
[105] A931 (Kaufman Decl.).
[106] A1932 ¶ 23 (Dec. 20, 2021 Kaufman Decl.).

submitted no contrary evidence. And class members who underwent appraisal are still harmed because they incurred appraisal costs that would not have arisen if they had received (free) compliant valuations.

Although unrelated elements of the claim (e.g., a deductible) might change the amount of benefits paid, ██████████████████████████████████████ ████████████████ And as the district court found, "deviations did not change the presence of the condition adjustment in the first instance."[108] ████████████ ████████████████████████████████ so any "negotiation" over other elements of the valuation does not cure the harm, as the district court rightly found.[110]

GEICO presented no contrary evidence. ██████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████ Neither the district court nor the Plaintiffs "assume[d] that an insured's ultimate total loss claim payment was reduced" by the deduction.

---

[107] A81 (Opinion); A925-38 (Kaufman Decl.).
[108] A79 (Opinion).
[109] A652 at 113:5-13 (GEICO Dep., Brand).
[110] A79 (Opinion).
[111] A1874-76 at 72:24-74:12 (Flaxman Dep.); A1880-81 at 120:19-121:15 (GEICO Dep., Brand).

Plaintiffs presented classwide evidence of GEICO's practices—its testimony, and the expert analysis of its claims—to show that they actually were.

GEICO argues that ████████████████████████████████████ ████████████████████████████████████████████████ ████████████████.[112] Nonsense. The adjustment to settle does not alter, correct, or remove the fabricated condition adjustment that remained part of the calculation and lowered the overall payment—it is not related in any way to the condition deduction or non-payment of taxes and fees. Instead, the adjustment to settle is presented as a lump sum on the MVR after a dispute with a customer.[113] At best, the "adjustment to settle" represents a payment for customer goodwill; GEICO presents no evidence that the adjustment to settle would have been excluded if the condition adjustment was removed.

Company policy requires adjusters to use the CCC tool and Plaintiffs have shown that GEICO pays based upon it in virtually every instance.[114] GEICO concedes that "the adjuster may use another source *in conjunction with* the

---

[112] Op. Br. at 13, 36.

[113] A1319.

[114] A652 at 113:5-13 (GEICO Dep., Brand); A932 (Kaufman Decl.); A1927-32 ¶¶ 6-23 (Kaufman Rebuttal Decl.). ████████████████████ ████████████████████ can be excluded from the class damages if necessary, and they are the sole (hypothetical) exception to the otherwise universal use of CCC's valuation figures. A931.

valuation to arrive at the final settlement amount."[115] GEICO claims (without evidence) that the adjustment to settle reflects the use of other valuations sources in conjunction with the CCC MVR[116] but even if that is so, the improper deduction still lowered the payment.[117] Damages for such class members can still be estimated from the partial use of the CCC report or simply excluded from the calculation if needed.[118] As the district court found, the condition adjustment causes harm even if its ultimate impact varies;[119] such individualized damages issues do not undermine predominance. *Reyes v. Netdeposit, LLC*, 802 F.3d 469, 481 n. 12 (3d Cir. 2015).

### 3. GEICO's "offset" theory is not individualized and Plaintiffs dispute it on the merits.

The district court also considered and rejected GEICO's argument that the condition deductions to comparable vehicles can be "fully negated" ███████ ████████████████████████████ As the district court found, this argument "veers into the merits of Plaintiffs' claims and GEICO's anticipated defenses" so it cannot defeat predominance.[121] It has no impact on the classwide

---

[115] Op. Br. at 12-13.
[116] Op. Br. at 19-20.
[117] A1927-28 ¶¶ 7-9 (Kaufman Rebuttal Decl.).
[118] A1042-48 (Gibson Decl., Ex. 1); A1926 ¶ 5-9 (Kaufman Rebuttal Decl.).
[119] A75 (Opinion).
[120] A68 (Opinion); Op. Br. at 12.
[121] A68 (Opinion).

proof. ████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████.[123] In rejecting

GEICO's motion to exclude Plaintiffs' damages model for not incorporating these

adjustments, the district court held that the condition of loss vehicles was simply

"not relevant to Plaintiffs' claims that the condition deductions for comparable

vehicles was improper under New Jersey law."[124]

While not relevant to damages, the condition adjustments made to the loss

vehicle do support Plaintiffs' claims in a different way. ████████████████████

---

[122] A40 (Opinion). Separate adjustments based on the condition (or other aspects) of the loss vehicle do not offset prohibited deductions applied to the values of comparable vehicles—the two are applied independently of one another. A710-11 at 41:7-42:8 (CCC Dep.). The individual inspection of the loss vehicle does not save GEICO from its failure to inspect the comparable vehicles, so the values of comparable vehicles cannot be reduced based on their condition. Even if a customer's vehicle is found to satisfy the "dealer retail" rating standard, the resulting upward adjustment would not negate the harm caused by the systemic, falsified assumption that all components of all comparable vehicles are in "dealer retail" or dealer ready condition. It would only serve to highlight that the comparable vehicles were rated more highly without a valid inspection and factual support.

Nor is there any merit to GEICO's suggestion that the use of a "Dealer Ready" baseline for conditioning would erase the harm. Op. Br. at 11. GEICO has used no such baseline, and even if it did, GEICO would still have no basis to believe that comparable vehicles are in superior (Dealer) condition and value them as such. The measurement is wrong no matter what the baseline is.

[123] A865-67 ¶¶ 21-26, 30-32 (Hausman-Cohen Decl.).

[124] A69 (Opinion).

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████. It is GEICO's duty, not its customers', to investigate the facts needed to apply a deduction to a specific comparable vehicle. N.J.A.C. 11:3-10.4(a), -10.4(h); N.J. Stat. §§ 17:29B-3, -4(9)(c). Because there was no basis to adjust the price of each individual comparable vehicle—and certainly not in a way that class members could measure and verify—Plaintiffs can prove the deduction was inappropriate for every class member.

Consistent with this theory, Plaintiffs' automotive expert testified that GEICO and CCC relied upon a biased rating process and lacked any basis to rate specific comparable vehicles in valuation reports as being in dealer condition.[126] GEICO never sought to exclude that expert testimony, and so has forfeited the ability to argue that it is inadmissible. *Comcast*, 569 U.S. at 32 n.4; *Tyson Foods*, 577 U.S. at 458–59. The district court was within its discretion to find that Plaintiffs' evidence of classwide harm predominates.

---

[125] A717-20 (CCC Condition Matrix); A644-46 at 59:13-6919 (GEICO Dep., Brand).
[126] A951 (McCathren Cond. Decl.).

**4.** ***Lara* is inapplicable because it did not address New Jersey law or Plaintiffs' theory that the condition deductions are unsupported by actual inspections.**

GEICO argues that the district court failed to address the Ninth Circuit's holding in *Lara v. First Nat'l Ins. Co. of Am.*, 25 F.4th 1134, 1138-40 (9th Cir. 2022). But the district court did distinguish the non-binding, out-of-circuit opinion in *Lara* as well as the underlying district court decision in *Lundquist v. First Nat'l Ins. Co. of Am.*, No. C18-5301RJB, 2020 U.S. Dist. LEXIS 195746, at *2 (W.D. Wash. Oct. 21, 2020), because they addressed principles of Washington law rather than New Jersey law. Plaintiffs presented classwide evidence that the deductions violate New Jersey law as outlined above.

Also, *Lara* addressed a much narrower theory of liability: that merely failing to itemize an adjustment resulted in harm to the class. *Lara*, 25 F.4th at 1137. █████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████ t

---

[127] A951 (McCathren Cond. Decl.).

[████████████████████████████████████████]

[████████████████████████████████████████]

[████████████████████████████████████████]

[████████████████████████████████████████]

[████████████████████████████████████████]

[████████████████████████████████████████]

[██████████] The district court was thus correct to conclude, "[w]hether the contract permits GEICO to apply an unsupported condition adjustment to the values of comparable dealer vehicles based on a non-existent or flawed inspection process is a question common to the class."

To the extent it can be read to hold that merits issues should be resolved (and defenses credited) at the class certification stage, *Lara* is infirm. Weeks after the opinion in *Lara*, an *en banc* panel of the Ninth Circuit decided *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, No. 19-56514, 2022 WL 1053459, at *8 (9th Cir. Apr. 8, 2022), *cert. denied* (Nov. 14, 2022), holding that "a district court cannot decline certification merely because it considers plaintiffs' evidence relating to the common question to be unpersuasive and unlikely to succeed in

---

[128] A951-61 (McCathren Cond. Decl.).
[129] A78.

carrying the plaintiffs' burden of proof on that issue." *Id.* at *8.[130] And *Lara* is otherwise in conflict with numerous insurance cases certifying classes that challenge the use of a prohibited deduction (or other discrete elements) to lower valuations and claims payments.[131]

**C.      Plaintiffs' classwide damages model is consistent with Plaintiffs' theory that the deduction unlawfully lowers claims payments.**

Damages that correspond to liability can be shown through GEICO's classwide valuation data regarding the amount of the prohibited deductions[132] ███

████████████████████████████████████████████████████

---

[130] Other cases cited by GEICO are inapposite for similar reasons. *Prudhomme v. GEICO Ins. Co.*, No. 15-CV-00098 (W.D. La. Dec. 22, 2020) did not address evidence that CCC systematically rates up the condition of comparable vehicles based on a flawed inspection process. *Curtis v. Progressive N. Ins. Co.*, No. CV-17-1076, 2020 WL 2461482, at * 1 (W.D. Okla. May 12, 2020), involved a vague allegation of low valuations and no proof of classwide violations. *Fortson v. Garrison Prop. & Cas. Co.*, No. 19-CV-294, 2022 U.S. Dist. LEXIS 15478 (M.D.N.C. Jan. 21, 2022), addressed the absence of valuation standards under North Carolina law on the merits, not class certification. The Plaintiffs in *Richardson v. Progressive Am. Ins. Co.*, No. 218CV715FTM99MRM, 2022 WL 154426, at *21 (M.D. Fla. Jan. 18, 2022), asserted that the condition deductions were "statistically invalid" when neither the relevant policy nor Florida law require the adjustment to be statistically valid. *Desai v. Geico Cas. Co.*, 574 F. Supp. 3d 507, 517 (N.D. Ohio 2021), does not even address the question of invalid condition deductions, New Jersey law, or the evidence here.

[131] *See, e.g.*, *Johnson v. Hartford Cas. Ins. Co.*, No. 15-CV-04138-WHO, 2017 WL 2224828, at *15 (N.D. Cal. May 22, 2017); *Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 463 (6th Cir. 2020); *Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371, 376 (8th Cir. 2018); *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 711 (5th Cir. 2020); *Volino*, 2023 WL 2532836.

[132] A865-66 ¶¶ 21-26 (Hausman-Cohen Decl.).

█████████ *Comcast Corp. v. Behrend*, 569 U.S. 27, 35, (2013). Contrary to what GEICO argues,[134] Plaintiffs have reliably determined which claim payments were reduced by the use of the flawed CCC valuation by using a sample to confirm that GEICO's settlement payments actually reflected CCC's valuations.[135] Rule 23 permits the use of statistical sampling for proof of both aggregate class damages and classwide liability. *Tyson Foods*, 136 S. Ct. at 1049; *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1140 (9th Cir. 2016). As with *Amgen*, GEICO never mentions or addresses this controlling, adverse principle of *Tyson*.

GEICO argues that Plaintiffs' damages calculation based on the deductions themselves does not match the theory of liability. This is another merits argument—and it is nonsense. "Because Plaintiffs take the position that the [deduction] should not exist at all, a damages model based on simply removing the [deduction] and re-running the valuations matches Plaintiffs' liability theory." *Volino*, 2023 WL 2532836, at *10.

Comparator values are averaged to arrive at the value of the loss vehicle, so deductions to comparator values flow through to the value of the loss vehicle.[136] To the extent that non-dealer comparable vehicles do not receive the adjustment,

---

[133] A607-08 (MCC), A925 (Kaufman Decl.).
[134] Op. Br. at 50.
[135] A930-31 (Kaufman Decl.); A1042-48 (Gibson Decl., Ex. 1).
[136] A929 (Kaufman Decl.); A1903 (Plaintiffs' MVR).

Plaintiffs' experts can identify those vehicles and account for them in the calculation.[137] Calculating classwide damages by removing the improper deduction is a valid way to measure the expectancy of the class. Variations in the specific amounts of damages do not undermine predominance. *Neale*, 794 F.3d at 375; *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 428 (4th Cir. 2003); *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 815 (7th Cir. 2012). Using the amounts of the deductions, Plaintiffs can determine the amount each individual insured was affected and calculate that aggregate total precisely.[138]

Had GEICO not made the baseless assumption that each comparable vehicle was in superior condition and applied the deduction to their values, Plaintiffs would have received the amount of the valuation without the deduction. *Volino*, 2023 WL 2532836, at *8. Nothing in New Jersey law requires GEICO to apply a deduction to comparable vehicles or to presume that every dealer comparable vehicle is in superior condition without inspecting any of them. The deduction is simply unfounded, unlawful, and extraneous—as arbitrary as any deduction based on fabricated information about the vehicle. GEICO admits it can't reduce

---

[137] A1921-24 ¶¶ 5-12 (Hausman-Cohen Rebuttal Decl.); A1927-29 ¶¶ 6-14 (Dec. 20, 2021 Kaufman Decl.). The weighting of comparable vehicles exerts a negligible impact on the damages calculation. Rule 23 requires only a reasonable estimation of damages, not perfection.

[138] A932-38 (Kaufman Decl.).

payments by applying deductions based on made-up facts.[139] The made-up

condition deductions causes damages in the amount of the deductions.

Plaintiffs do not challenge any other aspect of GEICO's method of valuing

the vehicle, so their expectancy is the valuation method GEICO adopted and is

required to apply, without the bogus deduction. This method corresponds directly

to Plaintiffs' theory of liability and satisfies the requirements for showing

predominance as set forth in *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013).

GEICO also argues that Plaintiffs must show its valuations are incorrect

from scratch using some standard other than the method GEICO itself adopted and

committed to under New Jersey law. But GEICO cannot jettison its own

handiwork so easily. Even if GEICO were correct that proof of classwide harm is

not confined to the mandatory valuation methodology required by the contract,

GEICO's own valuations of loss vehicles without the bogus deductions are still

evidence of vehicle fair market values classwide. And therefore, they can be used

as the basis for calculating classwide damages using Plaintiffs' expert

methodology. As the *Volino* court held in certifying the class, an insurer "can

hardly complain that the methodology Plaintiffs would impose on them is the one

[the insurer] chose and developed." 2023 WL 2532836.

---

[139] A642 at 31:18-32:10 (GEICO Dep., Brand).

If the parties have competing proofs of Actual Cash Value, it is for the jury to choose between them, not the Court at the class certification stage. The district court drew this very distinction, holding that "even if condition adjustments were close to an accurate casualty loss estimate, this does not change Plaintiffs' proposed **plan** to demonstrate liability."[140] Plaintiffs' plan to show classwide damages fits the theory of harm, whether or not that plan succeeds at trial.

As *Comcast* recognizes, "[c]alculations need not be exact." 569 U.S. 27, 35 (2013). A reasonable estimate of damages is sufficient. *In re Lower Lake Erie Iron Ore Antitrust Litig.*, 998 F.2d 1144, 1176 (3d Cir. 1993); *Castro v. Sanofi Pasteur Inc.*, 134 F. Supp. 3d 820, 849 (D.N.J. 2015) (certifying class). Specific to auto valuations, "the trial court may not completely reject compensatory damages simply because the plaintiff chose one reasonable means of estimating damages instead of another." *Int'l Rental & Leasing Corp. v. McClean*, 303 F. Supp. 2d 573, 577 (D.V.I. 2004), *opinion clarified*, No. CIV.A. 2002-93, 2004 WL 3048847 (D.V.I. Dec. 27, 2004); *Volino*, 2023 WL 2532836, at *9. GEICO's suggestion that it could start over on the adjustment of each claim does not undermine Plaintiffs' reasonable estimate based upon GEICO's own valuations—at most, it presents a merits question, one which Plaintiffs will dispatch at the proper stage. *Amgen*, 568 U.S. at 459. GEICO selected the valuation method, and Plaintiffs have presented

---

[140] A13 (emphasis added).

classwide proof of damages based on the lawful application of that method, free of unjustified deductions, because it will return a reasonable approximation of the class's entitlement.[141]

## D.   Plaintiffs are typical and adequate and are not subject to "unique defenses."

GEICO argues that Plaintiffs are not typical because GEICO made a separate $1,200 goodwill adjustment to the CCC valuation (while still applying the unlawful condition deduction) and because GEICO insisted upon an outside appraisal of Plaintiffs' vehicle after this suit was filed against GEICO.[142] The district court rightly rejected these arguments, holding that "the defenses GEICO has raised that appear unique to Plaintiffs are not enough of a danger to thwart typicality."[143] Even assuming those defenses prevail, Plaintiffs were still subjected to the same unlawful act as the rest of the class, that is, the initial presentation of an unjustified, unitemized condition deduction as well as an ultimate payment reduced by that deduction, both of which breach the contract.[144] *In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions*, 148 F.3d 283, 310-12 (3d Cir.

---

[141] For class members who went to appraisal, the out-of-pocket cost of appraisal is an appropriate measure of damages because those plaintiffs never received the benefit of a compliant valuation offer as required by contract and regulation. A931 n.12 (Kaufman Decl.).

[142] Op. Br. at 46.

[143] A74-75 (Opinion).

[144] A74-75 (Opinion).

1998) (typicality satisfied even though class members suffered a wide variety of nonoverlapping fraudulent practices).

GEICO's statement that an appraisal "determined the value of the vehicle" misrepresents the record.[145] GEICO processed and paid Plaintiffs' claim based on the CCC valuation. After (and only after) Plaintiffs filed this lawsuit, GEICO deviated from its standard valuation method and invoked the appraisal clause of the agreement to determine the value of the vehicle. That outside appraisal cannot resolve legal claims such as claims for breach of contract. Plaintiffs rejected a tendered payment based on the outside appraisal,[146] which cannot moot the claims of putative class representatives. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 670-72 (2016); *Richardson v. Bledsoe*, 829 F.3d 273, 284-86 (3d Cir. 2016) (collecting cases rejecting similar "pickoff" attempts). There is no error in the district court's finding that Plaintiffs are typical of the class despite this belated attempt to pick off their claim.

The requirement of "typicality" is "designed to align the interests of the class and the class representatives so that the latter will work to benefit the entire class through the pursuit of their own goals." *Krell v. Prudential Ins. Co. of Am.*, 148 F.3d 283, 311 (3d Cir. 1998). As with numerosity and commonality, the Third

---

[145] Op. Br. at 46.
[146] A559 ¶ 10 (Reply Decl.).

Circuit has "set a low threshold for satisfying" typicality, stating that "[e]ven relatively pronounced factual differences will generally not preclude a finding of typicality where there is a strong similarity of legal theories or where the claim arises from the same practice or course of conduct." *In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 427-28 (3d Cir. 2016) (internal quotations omitted).

Plaintiffs purchased total loss coverage from GEICO. Plaintiffs' insured vehicle was declared a total loss. Plaintiffs received a settlement offer from GEICO that was based on a CCC valuation report applying unsupported unexplained, unitemized condition adjustments to the value of comparable vehicles and that failed to include sales tax, title fees, and license plate fees as part of the replacement costs required to be covered under the terms of the Policies and New Jersey law. Plaintiffs' settlement payment was reduced by the amount of the condition adjustment and failed to include sales tax and mandatory license and title fees.

Plaintiffs' claims are the same as the claims brought by the class. Like Plaintiffs, all class members purchased total loss coverage from GEICO. █████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

███████████████████████████████ Plaintiffs'

claims are therefore typical of those of class members because "cases challenging

the same unlawful conduct which affects both the named plaintiffs and the putative

class usually satisfy the typicality requirement irrespective of the varying fact

patterns underlying the individual claims." *Baby Neal for and by Kanter v. Casey*,

43 F.3d 48, 58 (3d Cir.1994).

**E.   The class is ascertainable based on the classwide valuation reports, GEICO's claims data, GEICO's testimony as to its practices, and the sample claim files.**

A plaintiff seeking class certification of a Rule 23(b)(3) class must prove by

a preponderance of the evidence that the class is ascertainable. *Byrd v. Aaron's

Inc.*, 784 F.3d 154, 163 (3d Cir. 2015). The ascertainability inquiry requires a

plaintiff to show that: (1) the class is "defined with reference to objective criteria";

and (2) there is "a reliable and administratively feasible mechanism for

determining whether putative class members fall within the class definition." *Id.* at

163. These requirements do "not mean that a plaintiff must be able to identify all

class members at class certification—instead, a plaintiff need only show that class

members can be identified." *Verma v. 3001 Castor, Inc.*, No. CV 13-3034, 2016

WL 6962522, at *12 (E.D. Pa. Nov. 29, 2016).

As the district court found, Plaintiffs satisfy both requirements in the instant

matter. The proposed class is defined with objective criteria, and class members can be identified from data in GEICO's own files: the valuation reports prepared by CCC as well as claims data produced by GEICO, in conjunction with corporate testimony.[147] Plaintiffs have defined the class to include only those consumers whose valuations were subject to the adjustment or who were not paid the requisite taxes and fees.[148] The proposed class is therefore ascertainable.

GEICO argues that the class is not ascertainable due to gaps in GEICO's recordkeeping.[149] But the district court correctly held that those gaps were of GEICO's own making, and that Plaintiffs had filled those gaps "as a matter of just and reasonable inference" under *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 470 (3d Cir. 2020). Plaintiffs' expert can calculate classwide damages using recognized statistical principles, based on the data in conjunction with other evidence such as deposition testimony, sample claim files, and data from CCC.

As to the condition deduction, Plaintiffs presented proof that GEICO "consistently used the CCC valuation to determine claims" despite GEICO's assertions to the contrary.[150] Plaintiffs have obtained the valuation data from the CCC valuation reports for GEICO's list of private passenger auto claims during the

---

[147] *See generally* A860-70 (Hausman-Cohen Decl.).

[148] A120 ¶ 75 (Complaint and Demand for Jury Trial (Compl.)).

[149] Op. Br. 47-49.

[150] A81 (Opinion); A1041 ¶ 6 (Gibson Decl.), A925, A930-31 (Kaufman Decl.).

class period, including the condition adjustments.[151] Plaintiffs' review of █████

randomly selected sample claim files supports expert testimony that GEICO relied

on the valuation ██████ of the time. And there is no merit to GEICO's suggestion

that other adjustments sometimes negate the condition adjustment—██████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

GEICO has also objected that the adjustment is not ascertainable because it

is separately listed only for certain comparable vehicles in the report.████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

GEICO claims the district court's application of *Hargrove* is error because

*Hargove* "identified a narrow exception to acertainability in the specific context of

employment cases"[155] But this Circuit recently applied the holding in *Hargrove* in

a non-employment context. *See RealPage Inc.*, 47 F.4th at 223-24. GEICO also

---

[151] A861-70 (Hausman-Cohen Decl.).
[152] A652 at 113:5-13 (GEICO Dep., Brand).
[153] A710-11 at 41:7-43:16 (CCC Dep.).
[154] A1921-24 ¶¶ 5-12 (Hausman-Cohen Rebuttal Decl.).
[155] Op. Br. at 47.

argues that *Hargrove* does not apply "where the defendant has no legal requirement to maintain records," but this is beside the point. Plaintiffs presented admissible proof of GEICO's classwide condition deductions and underpayments by way of classwide valuation and payment data, corporate testimony, and expert analysis of statistical sampling as permitted under *Tyson Foods*, 136 S. Ct. at 1040. GEICO's assertion that it "has no legal requirement to maintain (or in this case create) the necessary data" is false in any event. New Jersey law requires GEICO to record the details of every total loss settlement, including all details regarding condition deductions. N.J.A.C. 11:3–10.4(a), 11:2-17.10(2).

GEICO further argues the class is not ascertainable because identification requires individual review of the MVRs and a review of the claims documents.[156] Even if this were true (it is not), such a requirement would not preclude ascertainability. "a straightforward 'yes-or-no' review of existing records to identify class members is administratively feasible even if it requires review of individual records with cross-referencing of voluminous data from multiple sources." *RealPage Inc.*, 47 F.4th at 224.

Similarly, as to taxes and fees, Plaintiffs presented proof (including GEICO's own admissions) that GEICO failed to make the required tax and fee payments prior to 2020. The taxes and fees are calculated mechanically, so "the

---

[156] Op. Br. at 49.

analysis for that time period is straightforward" as the district court held.[157]

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████[158]

The district court rightly held that Plaintiffs could fill gaps in GEICO's records with testimony and statistical analysis as permitted by *Tyson Foods* and *Hargrove*, 974 F.3d at 470. Using corporate records, Plaintiffs can calculate damages for the class based on these non-payments easily, objectively, and mechanically, satisfying Rule 23. The district court did not abuse its discretion in finding that the class is ascertainable.

## VII. CONCLUSION

Plaintiffs request that the Court affirm the district court's order granting class certification.

---

[157] A81 (Opinion).
[158] A930-33 (Kaufman Decl.).

Dated:     June 7, 2023                    HAGENS BERMAN SOBOL
                                           SHAPIRO LLP

                                           By: *s/ John M. DeStefano*
                                              Robert B. Carey
                                              John M. DeStefano
                                           11 West Jefferson Street, Suite 1000
                                           Phoenix, AZ  85003
                                           Telephone:  (602) 840-5900
                                           Facsimile:  (602) 840-3012

                                           CARELLA, BYRNE, CECCHI,
                                           OLSTEIN, BRODY & AGNELLO,
                                           P.C.
                                              James E. Cecchi
                                              Caroline F. Bartlett
                                           5 Becker Farm Road
                                           Roseland, New Jersey 07068
                                           Telephone:  (973) 994-1700

# COMBINED CERTIFICATION

I, John M. DeStefano, hereby certify as follows:

1.    I am admitted to and a member in good standing of the Bar of the United States Court of Appeals for the Third Circuit.

2.    This brief complies with the type-volume requirements and limitations of Fed. R. App. P. 32(a)(7)(B)(i) because this brief contains 12,982words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

3.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and type-style requirements of Fed. R. App. P. 32(a)(6) of the Federal Rules of Appellate Procedure because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

4.    Pursuant to this Court's Local Rule 31.1(c), the text of the electronic brief is identical to the text in the paper copies of the brief filed with the Court.

5.    Pursuant to this Court's Local Rule 31.1(c), a virus detection program has been run on the file and that no virus was detected. The version of the virus detection program used was Crowdstrike.

CERTIFICATE OF SERVICE

I, John M. DeStefano, hereby certify that on this 7th day of June 2023, a true

and correct copy of the Answering Brief of Plaintiffs - Appellees was filed with the

Clerk of the United States Court of Appeals for the Third Circuit using the

CM/ECF system, which will send notification of such filing to all counsel of

record.

Dated: June 7, 2023

HAGENS BERMAN SOBOL SHAPIRO
LLP

*s/ John M. DeStefano*
Robert B. Carey
John M. DeStefano
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003
Telephone:  (602) 224-2628
rob@hbsslaw.com
johnd@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO
LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.
James E. Cecchi
Caroline F. Bartlett
Kevin Cooper
5 Becker Farm Road

Roseland, New Jersey 07068
Telephone: (973) 994-1700
jcecchi@carellabyrne.com
cbartlett@carellabyrne.com
kcooper@carellabyrne.com

David Woloshin
Dina S. Ronsayro
ASTOR WEISS KAPLAN & MANDEL
LLP
200 South Broad Street, Suite 600
Philadelphia, PA 19102
Telephone: (215) 790-0100
dwoloshin@astorweiss.com
dronsayro@astorweiss.com

*Attorneys for Plaintiffs – Appellees*